United States Court of Appeals
Fifth Circuit

**F I L E D**

April 27, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30660
Summary Calendar

DAMITA JO JENKINS MCNEAL; JAMES MCNEAL,

Plaintiffs-Appellants,

BURLINGTON COAT FACTORY AND WAREHOUSE OF SHREVEPORT,
INC., ET AL.,

Defendants,

versus

JIM ROBERTS, Chief of Police Shreveport Police Department;
CITY OF SHREVEPORT; S. MACK; L. MONTGOMERY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
(5:03-CV-280-SMH-RSP)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants Damita Jo Jenkins McNeal ("Damita") and

her husband, James McNeal ("James"), appeal the summary-judgment

dismissal of their claims against Jim Roberts, Chief of the

Shreveport Police Department, the City of Shreveport, and police

officers Layne Montgomery and Shannon Mack. The McNeals' claims

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

stem from searches of Damita's person conducted by Officer Montgomery and Officer Mack. The officers were called after security sensors activated as Damita was exiting a Burlington Coat Factory and Warehouse store in Shreveport, Louisiana.

Damita claimed that she was subjected to cruel and unusual punishment and to an illegal body cavity search, in violation of the Fourth and Eighth Amendments. She asserted claims under 42 U.S.C. §§ 1983 and 1988 against Roberts, Montgomery, and Mack, as well as a tort claim against the City under the doctrine of respondeat superior. James asserted a claim for loss of consortium and society.

The McNeals argue that the district court erred in granting summary judgment on Damita's Fourth Amendment illegal search claim. They contend that Damita's consent to search was not freely and voluntarily given, and that Officer Montgomery and Officer Mack are not entitled to qualified immunity.

The McNeals came forward with evidence that, prior to the officers' arrival, a store employee told Damita that she was not free to leave until she was searched. In view of this evidence, we agree with the McNeals that there was a genuine issue of material fact as to the voluntariness of Damita's consent. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); United States v. Tompkins, 130 F.3d 117, 121 (5th Cir. 1997).

We affirm, however, the district court's grant of summary judgment in favor of Officer Montgomery and Officer Mack on grounds

2

of qualified immunity.  The doctrine of qualified immunity shields an officer from suit if the officer's actions were reasonable "in light of clearly established law and the information the . . . officers possessed."  Anderson v. Creighton, 483 U.S. 635, 641 (1987).  Here, Damita's deposition reveals that she told Officer Montgomery that she had no objection to being searched and that she stated that she had no objection to a female officer (Mack) being called.  Damita's testimony also reveals that she cooperated with the officers and did not refuse any of their requests.  In view of the evidence, Officers Montgomery and Mack are entitled to summary judgment because their actions were objectively reasonable under the circumstances.  See Mangieri v. Clifton, 29 F.3d 1012, 1016 (5th Cir. 1994).

The McNeals have briefed no contentions on appeal regarding the district court's dismissal of Damita's Eighth Amendment claim or its dismissal of her claims against Roberts, her claims against the City of Shreveport, or James's claim for loss of consortium. See id.  The McNeals have waived these claims by failing to brief them.  See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

AFFIRMED.